ams

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )  Case No. 10-40077-02-JAR |
| | ) |
| **BRENDA G. BECKER,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

## MEMORANDUM AND ORDER

Before the Court is defendant's Motion for Hearing to Address Availability of Certain Funds to Retain Private Counsel (Doc. 30), and Motion for Appointment of Counsel (Doc. 54). The motions are fully briefed and the Court is prepared to rule. As described more fully below, defendant's motion is denied without prejudice.

On November 3, 2010, defendant filed a motion for hearing to determine the availability of certain funds, held by the government in escrow, to retain private counsel. In the alternative, defendant requested that counsel be appointed under the Criminal Justice Act ("CJA"). The funds to which defendant refers are two cashier's checks that are identified in the preliminary order of forfeiture as to co-defendant Scott Becker.[1] These funds are now subject to forfeiture and defendant's interest in these cashier's checks will likely be the subject of an ancillary proceeding because she asserts a third-party interest. As such, the Court declines to conduct a hearing on the availability of these funds to retain private counsel outside of the context of an

---

[1] (Doc. 28.)

ancillary proceeding related to co-defendant Scott Becker's forfeiture.

Next, defendant seeks appointment of counsel without being required to execute a financial affidavit in support of her eligibility. Defendant maintains that she should not be required to submit a financial affidavit because the government intends to scrutinize defendant's statements for possible evidence. She maintains that requiring her to fill out a financial affidavit would violate her Fifth Amendment right to remain silent. The government does not oppose appointment of counsel under the CJA, but does oppose defendant's request to be excused from submitting a financial affidavit to support her request.

The Court agrees with the government that defendant's request to be excused from the requirement of submitting an *ex parte* financial affidavit to the Court should be denied. Under the CJA, the Court may appoint counsel for a defendant who is "financially eligible."[2] It is defendant's burden to demonstrate financial inability to obtain counsel.[3] The Administrative Office has provided further guidance in Volume 7 of its Guide to Judiciary Policies and Procedures, § 210.40.20:

> (d) Relevant information bearing on the person's financial eligibility should be reflected on Form CJA 23 (Financial Affidavit) and the form shall be completed and executed before a judicial officer or employee.
> (e) Employees of law enforcement agencies or U.S. attorney offices should not participate in the completion of the Form CJA 23 (Financial Affidavit) or seek to obtain information from a person requesting the appointment of counsel concerning the person's eligibility.
> (f) The person seeking appointment of counsel has the responsibility of providing the court with sufficient and accurate information upon which the court can make an

---

[2] 18 U.S.C. § 3006A(a).

[3] *United States v. Peister*, 631 F.2d 658, 662 (10th Cir. 1979).

> eligibility determination. (Regarding counsel's obligation to advise the court about the client's ability to pay, see: § 210.10.30.)
> (g) The prosecution and other interested entities may present to the court information concerning the person's eligibility, but the judicial inquiry into financial eligibility shall not be utilized as a forum to discover whether the person has assets subject to forfeiture, or the ability to pay a fine, make restitution, or compensate another person under the Victim/Witness Protection Act or other purposes not related to the appointment of counsel. Such determinations, if appropriate, must be made at other stages of the proceedings in which the person seeking counsel is a party.

The Court must make a finding that defendant is financially eligible for appointed counsel in order to appoint Ms. Pilate or anyone else under the CJA. If defendant wishes to have Ms. Pilate appointed as counsel, she must show that her "net financial resources and income are insufficient to obtain qualified counsel."[4] Defendant does not attempt to establish her eligibility in requesting appointment of counsel and the Court may not appoint counsel under the CJA without making the requisite finding. To the extent defendant seeks appointment of counsel without submitting AO Form 23, *ex parte* and under seal, the motion is denied.

Defendant argues that she should be relieved of the requirement of proving eligibility for appointment of counsel because the government does not contest that she does not have the necessary funds to pay for retained counsel. But it is defendant's burden to establish eligibility for counsel and the Court is required to make such a finding. There is nothing in the record that would allow this Court to make such a determination and find that defendant has met her burden.

---

[4] 7A Administrative Office of the United States Court, Guidelines for Administering the CJA and Related Statutes § 210.40.30(a).

In *United States v. Peister*,[5] the Tenth Circuit considered whether a defendant's burden to execute a financial disclosure form should be relieved when the defendant asserts that he could not complete the form without incriminating himself. The court held:

> a defendant should not be relieved of this burden when any conflict with the Fifth Amendment right is speculative and prospective only. The time for protection will come when, if ever, the government attempts to use the information against the defendant at trial. We are not willing to assume that the government will make such use or if it does, that a court will allow it to do so.[6]

In a later decision, the Tenth Circuit found that when the government used a financial affidavit against the defendant in the government's case-in-chief, it went beyond a speculative conflict and use of the defendant's statements violated the defendant's Fifth Amendment right against self- incrimination.[7]

In *United States v. Simmons*,[8] the Supreme Court held that a defendant's testimony in support of a motion to suppress cannot be used against him at trial because it would be "intolerable that one constitutional right should have to be surrendered in order to assert another."[9] Unlike *Simmons*, this case does not present the situation where defendant must choose between waiving the Fifth Amendment privilege or invoking the Sixth Amendment right to appointed counsel. "The protective shield of *Simmons* is not to be converted into a license for false representations on the issue of indigence free from the risk that the claimant will be held

---

[5] 631 F.2d 658 (10th Cir. 1979).

[6] *Id.* at 662.

[7] *United States v. Hardwell*, 80 F.3d 1471, 1484 (10th Cir. 1996).

[8] 390 U.S. 377 (1968).

[9] *Id.* at 394.

accountable for his falsehood."[10]  Any risk of a conflict between this defendant's Fifth Amendment right against self-incrimination and her right to appointed counsel is prospective only.[11]  The issue before this Court is strictly whether defendant can obtain appointed counsel absent submission of evidence that would allow the Court to make the requisite finding under the statute that she is financially eligible.  She may not.  If defendant seeks appointed counsel in this matter, she may submit a financial affidavit to the Court that shall be filed *ex parte*, under seal.

**IT IS THEREFORE ORDERED BY THE COURT** defendant's Motion for Hearing to Address Availability of Certain Funds to Retain Private Counsel (Doc. 30), and Motion for Appointment of Counsel (Doc. 54) are denied to the extent they seek to adjudicate defendant's third-party interest to property listed in the preliminary order of forfeiture.  Defendant's request for appointment of counsel without submission of a financial affidavit is denied.  Defendant may seek appointment of counsel through the normal channel of executing a financial affidavit that shall be filed *ex parte*, under seal.

Dated: January 11, 2011

 S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[10]*United States v. Kahan*, 415 U.S. 239, 243 (1979).

[11]Defendant contends that the government has expressed its intention to use the financial affidavit against her in co-defendant Scott Becker's forfeiture proceeding, but the Court finds no such representation in the record.