ams

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 10-40077-02-JAR |
| | ) | |
| BRENDA G. BECKER, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

Before the Court is defendant's Motion to Continue Forfeiture Proceedings (Doc. 61).

The government opposes any continuance of the forfeiture proceedings pertaining to

co-defendant Scott Becker. The motion is fully briefed and the Court is prepared to rule.[1] As

described more fully below, defendant's motion is granted.

*Background*

The Indictment in this matter charges defendant, along with co-defendant Scott Becker,

her husband, with conspiracy to obstruct justice, perjury, wire fraud, and money laundering. The

Indictment further charges defendant with perjury, wire fraud, and money laundering and

contains a forfeiture allegation. The forfeiture allegation is for both defendants and is directed to

the same identified property, including the boat, "Pearls and Boots," and numerous parcels of

real property. On October 12, 2010, Scott Becker pled guilty. In the plea agreement, Scott

---

[1]The Court previously granted defendant's request for a hearing on this issue. Upon reviewing the briefs, the Court has determined that oral argument would not materially assist in the resolution of this motion and that it may be decided on the briefs.

Becker agreed to forfeit his interest in the property identified in the Indictment and Bill of Particulars. A Preliminary Order of Forfeiture was entered on November 1, 2010. The government provided notice to defendant Brenda Becker on November 22, 2010.

On December 21, 2010, defendant filed her motion to continue. Defendant argues in her motion that the forfeiture proceedings against co-defendant Scott Becker should be stayed pending the outcome of her case. She argues that she is unable to participate in any third-party ancillary proceeding, including even filing a Petition, without risking incrimination. The government argues that defendant has no standing to ask for a stay of the forfeiture proceedings because she has not filed a Petition stating that she has any interest in the property. The government further contends that defendant has not established that her Fifth Amendment rights would be impaired by participating as a third-party claimant in the forfeiture proceedings, and that she has waived her right to assert the Fifth Amendment based on statements she made in an aid in execution hearing in state court on September 14, 2009. Finally, the government contends that a stay is not warranted under the circumstances of the case.

*Discussion*

Fed. R. Crim. P. 32.2(b)(1) provides that, as soon as practicable after the verdict or finding of guilty in the criminal case, the court must determine whether property is subject to forfeiture, i.e., whether the government has established the requisite nexus between the property and the offense. Rule 32.2(b)(2) provides that if the court finds that property is subject to forfeiture, it must promptly enter a preliminary order of forfeiture directing the forfeiture of specific property without regard to any third-party's interest in all or part of it; this determination must be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c).

21 U.S.C. § 853(n)(1) provides that the United States shall publish notice of the preliminary order of forfeiture to any person known or alleged to have an interest in the subject property. Within 30 days of receiving notice, any person may petition the court for a hearing to adjudicate the validity of her alleged interest in the property. The petition:

> shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.[2]

Additionally, the ancillary proceeding must be held within 30 days of the petition being filed and the petitioner may testify.[3]

While there is no provision under the criminal forfeiture statute for obtaining a stay of forfeiture proceedings, the civil forfeiture statute does contain such a provision. 18 U.S.C. § 981(g)(2) provides as follows:

> (2) Upon the motion of a claimant, the court shall stay the civil forfeiture proceeding with respect to that claimant if the court determines that--
>
> (A) the claimant is the subject of a related criminal investigation or case;
>
> (B) the claimant has standing to assert a claim in the civil forfeiture proceeding; and
>
> (C) continuation of the forfeiture proceeding will burden the right of the claimant against self-incrimination in the related investigation or case.

---

[2]21 U.S.C. § 853(n)(3).

[3]*Id.* § 853(n)(4)–(5).

This statute guides the Court's determination on whether a stay is appropriate in this criminal

case given the similarity of the dilemma identified by defendant, which this provision squarely

deals with: a party or witness to a proceeding who is also the target of a related criminal

prosecution.  In this case, the "related" criminal prosecution is one in the same case as the case in

which Brenda Becker would be called upon to be a witness or party if she filed a petition

asserting third-party interest in the property subject to forfeiture.

        The Second Circuit has described the dilemma addressed by the statute as follows:

> The tension between self-incrimination concerns and the desire to
> testify may be especially acute for a claimant in a civil forfeiture
> proceeding. In forfeiture, a claimant typically must prove that the
> defendant property was not used unlawfully or not derived from or
> traceable to criminal transactions, or else he must establish a
> statutory "innocent owner" defense. See 18 U.S.C. § 981(a); 21
> U.SC. § 881(a). Yet the claimant is often subject to criminal
> prosecution based on the same alleged illegal behavior that
> supports the confiscation. The claimant thus "faces a dilemma:
> remain silent and allow the forfeiture or testify against the
> forfeitability of his property and expose himself to incriminating
> admissions." *United States v. $250,000*, 808 F.2d 895, 900-01 (1st
> Cir.1987).
>
> In view of this dilemma, appellate courts have held that upon a
> timely motion by the claimant, district courts should make special
> efforts to "accommodate both the constitutional [privilege] against
> self-incrimination as well as the legislative intent behind the
> forfeiture provision." *United States v. United States Currency*, 626
> F.2d 11, 15 (6th Cir.), cert. denied, 449 U.S. 993, 101 S.Ct. 529, 66
> L.Ed.2d 290 (1980). And, in so doing, trial courts should not
> disregard the fact that the plaintiff in forfeiture actions is the
> Government, which controls parallel criminal proceedings in
> federal court and also possesses the power to grant some forms of
> immunity. *See Graystone Nash*, 25 F.3d at 193-94 ("Courts must
> bear in mind that when the government is a party in a civil case
> and also controls the decision as to whether criminal proceedings
> will be initiated, special consideration must be given to the plight
> of the party asserting the Fifth Amendment."); *Shaffer v. United
> States*, 528 F.2d 920, 922-23 (4th Cir.1975) (relying heavily on the

Government's power to grant immunity).[4]

Under these standards, there is no question that defendant is the subject of a "related criminal case."  Indeed, she is a co-defendant as well as a potential third-party claimant.  The government argues that this provision should not apply to defendant here because she lacks standing to assert a claim in the forfeiture proceeding since she has not filed petition, and because she has waived her privilege against self-incrimination by testifying in the aid in execution hearing.

### 1.    Standing and Privilege Against Self-Incrimination

The government argues that defendant lacks standing to request a continuance of the forfeiture hearing because she has not filed the requisite petition that would trigger the need for an ancillary proceeding.  Therefore, the government argues that defendant also lacks Article III standing to contest the forfeiture proceeding against Scott Becker.  The government further claims that defendant has not established that her participation in the ancillary proceeding would impair her Fifth Amendment rights.

While the government is correct that defendant has not filed a petition asserting a third-party interest, the entire premise of her motion to continue is that to submit that petition would require her to incriminate herself.  The government's suggestion that defendant lacks standing to assert her interest in the forfeiture of property that the government also seeks to forfeit her interest in, is disingenuous.  Presumably, if this defendant was convicted tomorrow, before the forfeiture proceedings involving Scott Becker concluded, the government would be seeking to forfeit Brenda Becker's interest in the same property.

---

[4]*United States v. Certain Real Prop. & Premises Known as 4003-4005 5th Ave., Brooklyn, N.Y.*, 55 F.3d 78, 83 (2d Cir. 1995).

The entire premise of the charges in this case is that the defendants entered into fraudulent transactions in order to dissipate Scott Becker's assets so that he could obtain CJA appointed counsel in 09-40008 and to avoid forfeiture and fines in that matter. It is wholly expected that if Ms. Becker did assert an interest in the subject property during the forfeiture proceedings pertaining to Scott Becker, it would involve much the same evidence and arguments as the underlying case against her. Indeed, as the government submits with their response, Brenda Becker has asserted some interest in the subject property before Judge Hendricks at the aid in execution hearing. And she submitted a declaration along with her Motion to Strike the Lis Pendens in 09-40008, asserting an ownership interest in the subject property. Under these unique circumstances, it appears clear that she has standing to seek a stay of the forfeiture proceedings in this case, a case in which she is not only a potential third-party claimant but also the defendant.

### 2.     Waiver of Privilege Against Self-Incrimination

The government has attached to its response the transcript from the aid in execution hearing on September 14, 2009, and argues that defendant's testimony at that hearing about her ownership interests and the transactions between herself and Scott Becker constituted a waiver of her right to assert the privilege in this case.

"A witness' testimonial waiver of the privilege is only effective, however, if it occurs in the *same proceeding* in which a party desires to compel the witness to testify."[5] Here, the testimony the government claims constituted a waiver was in the state court aid in execution

---

[5]*United States v. Rivas-Macias*, 537 F.3d 1271, 1280 (10th Cir. 2008) (emphasis in original); *see also, e.g.*, *United States v. Cain*, 544 F.2d 1113, 1117 (1st Cir. 1976) ("It is hornbook law that the waiver is limited to the particular proceeding in which the witness appears.").

hearing. It occurred more than one year before the Indictment in this case was returned. It does

not constitute a testimonial waiver of the privilege because it was not made in the same

proceeding. Likewise, defendant's declaration in Scott Becker's other criminal case, 09-40008,

was made in a different proceeding and does not constitute a testimonial waiver.

### 3. Other Considerations in Granting a Stay

The government cites undue delay and the public interest in effective administration of

justice as a basis for denying the stay. The government also identifies prejudice as deterioration

of Scott Becker's house and buildings, and the fact that the defendant may attempt to dispose of

the yacht, as only she knows where it is located.

These concerns do not appear to outweigh the interest of the defendant in preserving her

right to assert an interest in this property, either as a third party claimant or as a defendant,

without incriminating herself on the underlying charges. The prejudice to the government in this

case is minimal given that it has alleged forfeiture against both defendants, not only Scott

Becker, and the Court's interest in effective administration of justice seems to be better served

by addressing both defendants' potential interests in the subject property after this defendant's

guilt is determined. As with civil forfeiture, the Court is mindful that "the Government, which

controls parallel criminal proceedings in federal court and also possesses the power to grant

some forms of immunity."[6] Here, the government is obviously unwilling to grant such immunity

to the defendant for the very reason she fears incrimination: the issues involved in the forfeiture

of the subject property are inextricably intertwined with the underlying charges in this case,

which are still pending against her.

---

[6]*United States v. Certain Real Prop. & Premises Known as 4003-4005 5th Ave., Brooklyn, N.Y.*, 55 F.3d 78, 83 (2d Cir. 1995).

Moreover, there is no evidence that defendant's assertion of the privilege is being used abusively, or to obtain an unfair tactical advantage.[7]  It appears that defendant has consistently asserted the privilege since the time she became aware of the imminent charges in this matter. Under the circumstances, the Court will accommodate defendant's privilege, as well as the forfeiture statute, by staying the forfeiture proceedings against co-defendant Scott Becker until Brenda Becker's guilt is adjudicated.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's Motion to Continue Forfeiture Proceedings (Doc. 61) is **granted**.

Dated: March 4, 2011

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[7]*Id.* at 85 (explaining that the appellate court must ensure that the trial court does not unduly burden the litigant's valid attempt to seek protection of the privilege, especially where it is not being used abusively).